JUSTICE LEAPHART,
concurring in part and dissenting in part. As to issue number one, I agree that there was substantial evidence to support the verdict under the instructions which were given. I concur with the resolution of issue number three. I dissent on issue number two, specifically with regard to the Court’s failure to give plaintiffs’proposed instruction no. 18 and the giving of court’s instruction no. 12 over plaintiffs’ objection.
Peschkes’ primary theory of negligence in this case was that Carroll College could be found negligent based upon the criminal act of the third person assailant. Peschkes were entitled to a jury instruction which set forth their theory of the case; i.e., negligence predicated upon the criminal act of a third person. Peschkes’ proposed instruction no. 18 read as follows:
An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal.
This instruction would have specifically advised the jury that, under the right circumstances, a defendant can be found negligent based *344 upon the criminal conduct of a third person. Such an instruction is consistent with our decision in Estate of Strever v. Cline (1996), [278 Mont. 165], 924 P.2d 666, and with § 302B of the Restatement (Second) of Torts. However, the court refused this instruction and did not give any instructions specifically addressing the question of. negligence arising out of the criminal conduct of third persons. The majority holds that court’s instruction no. 12 was adequate. Court’s instruction no. 12 reads as follows:
Every person has a right to assume that every other person will act with reasonable care. In the absence of a reason to think otherwise, it is not negligent for a person to fail to anticipate an injury which can only result from another’s violation of the law or failure to use reasonable care.
The Court suggests that the “in the absence of a reason to think otherwise” language in instruction no. 12 left the door open to Peschkes to argue that Carroll College had a reason to think otherwise and, therefore, was negligent. The Court’s reading of instruction no. 12 is too broad. The average juror would not, based upon the “reason to think otherwise” language in the instruction, assume that liability can be premised upon the criminal acts of third persons. To the contrary, a person not schooled in the law would assume that one person cannot be held civilly liable for the criminal acts of another person.
Until very recently, there has been considerable confusion in the decisions of this Court as to whether there can be recovery for an injury which results from an intervening criminal act of a third person. It was only in June of 1996 when this area of the law was clarified in Estate of Strever, 924 P.2d 666, in which we overruled three prior decisions disallowing recovery based upon intervening criminal acts and adopted the rationale from another contrary line of Montana authority involving intervening criminal acts and held that:
If, under the facts of a given case, an intervening criminal act is one which the defendant might reasonably foresee, then there is no reason why the fact finder should not decide causation the same as with any other intervening causation case.
Estate ofStrever, 924 P.2d at 674. Given the confusion at the judicial level, it is pure folly to assume that, in the absence of a specific instruction, a juror would intuitively understand that a defendant can be found negligent for failing to anticipate the criminal act of a third person. The facts of this case clearly required such an *345 instruction and yet, despite plaintiffs’ requests, there were no instructions given which advised the jury that negligence could be premised upon the criminal acts of a third person.
In Chambers through Chambers v. Pierson (1994), 266 Mont. 436, 441, 880 P.2d 1350, 1353, there was a factual dispute as to whether the plaintiff bicyclist was in plain view when he was hit by the defendant’s truck. The trial court failed to instruct the jury on plaintiff’s theory that he was in plain view and that defendant had the duty to see and is presumed to have seen what was plainly visible. In holding that this constituted reversible error, we stated:
It is well established in Montana that a trial court commits reversible error by refusing to instruct the jury on an important part of a party’s theory in the case. [Citation omitted.]
While other instructions properly addressed the elements necessary to establish negligence, none of the instructions addressed the plain view presumption, an essential part of plaintiff’s case on which the plaintiff was entitled to have an instruction submitted to the jury. We conclude, therefore, that it was reversible error in this case to refuse to give plaintiff’s Proposed Instruction No. 26 because it instructed the jury on the applicable law for plaintiff’s theory of the case.
Chambers, 880 P.2d at 1353-54.
In the present case, liability for the criminal acts of a third person is the very heart of plaintiffs’ case. Yet, there was not one instruction given which references this theory of the case. It escapes me how this esoteric theory is somehow implicit in the very general negligence instructions which were given.
For the above reasons, the plaintiffs were denied a fair trial and I would reverse and remand for a new trial.
JUSTICE HUNT joins in the foregoing concurring and dissenting opinion.